## Sachs v. Kautsch

*Harry M. Miller*, for receiver.
*Joseph L. Ehrenreich*, for exceptant.
*Nathan Markmann*, for plaintiff.

HEILIGMAN, J., June 17, 1941.—This is an audit of the account of a receiver appointed by this court on June 13, 1940, on the petition of plaintiff, Martha Sachs, for the dissolution of a partnership consisting of plaintiff and defendant, Oskar Kautsch. The partners operated a taproom at 801 W. Girard Avenue, Philadelphia, and the receiver, by leave of court, continued the operation of the business pending the sale of its assets.

On June 28, 1940, the receiver filed a petition for a rule upon defendant, Oskar Kautsch, to show cause why he should not turn over to the receiver certain funds belonging to the partnership which defendant had received and used for his own purposes, and to make restitution for credits taken for payments which were not in fact paid by defendant. A hearing was held, and on July 17, 1940, this court ordered defendant to pay over to the receiver the sum of $1,237.56. Defendant did not comply with this order.

On July 11, 1940, defendant, Oskar Kautsch, filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Pennsylvania, being cause no. 21423. Defendant was adjudged a bankrupt, and a trustee was appointed and now represents the interest of defendant, Oskar Kautsch, in the partnership.

After unsuccessful efforts to sell the assets of the partnership to third parties, the receiver finally obtained an offer from plaintiff, Martha Sachs, to purchase the assets

of the partnership for the sum of $5,750, provided she were given credit, as a part of the purchase price, for her share of the money ordered to be paid to the receiver by defendant, Oskar Kautsch, her share having been determined to be $634.91, after certain other adjustments had been made. A petition for leave to accept this offer was filed by the receiver and, after hearing, the sale was approved. The amended account now before us for audit contains a credit to Martha Sachs, as purchaser, in the sale of the partnership business in the amount of $634.91, in accordance with the terms of sale.

As to the allowance of credit to Martha Sachs, as purchaser, for her interest in the turnover order, the contention of the trustee is that this court is without jurisdiction to allow the credit, on the ground that such allowance constitutes a preference to Martha Sachs, as against other creditors of the bankrupt's estate.

It should be noted that the partnership itself and one of the partners, Martha Sachs, are solvent. Only one partner, Oskar Kautsch, has been adjudged a bankrupt. Chapter III, sec. 5(*i*), of the National Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. at L. 544, as amended by the Act of June 22, 1938, c. 575, 52 Stat. at L. 840, provides as follows:

"Where all the general partners are adjudged bankrupt, the partnership shall also be adjudged bankrupt. In the event of one or more but not all of the general partners of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the general partner or partners not adjudged bankrupt; but such general partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit and account for the interest of the general partner or partners adjudged bankrupt."

It is clear from the above quotation from the National Bankruptcy Act that the settlement of the partnership is excluded from the bankruptcy proceedings of Oskar

Kautsch. Up to the time of the rendering of an account to the trustee of a bankrupt partner, the Federal courts have no jurisdiction. In the instant case, this court has decreed that there is a debt due to the partnership by the bankrupt partner in the net amount of $1,269.83. The partnership owes to the bankrupt's estate one half of the net of the partnership assets. The matter of settlement of the interest of the bankrupt partner is one between the receiver, representing the partnership, and the trustee in bankruptcy for Oskar Kautsch, and the receiver in accounting to the trustee of the bankrupt's estate for the bankrupt's interest in the partnership is entitled to set off the indebtedness due to the partnership by the bankrupt partner. Briefly, were the instant sale made to a third party and the total consideration paid in cash, there would be a balance due to the trustee, but it would be improper for the receiver to distribute to the trustee the full amount of such balance without first deducting the indebtedness due to the partnership by the bankrupt partner. In our opinion, the net result of allowing this credit to Martha Sachs, as purchaser, is the same as though she had paid the full consideration in cash, the receiver had made distribution in accordance with the above recital, and then repaid to Martha Sachs the amount of the credit claimed. There should be little question that an accounting for the interest of a bankrupt partner in a partnership means, as applied to the instant case, the difference between the amount due and payable to the bankrupt partner and the amount owed to the partnership by the bankrupt. It should be noted that section 68 (*a*) of the National Bankruptcy Act recognizes the right of set-off of a creditor of the bankrupt estate, which section reads as follows:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set-off against the other, and the balance only shall be allowed or paid."

In our opinion, as between the trustee for the bankrupt's estate and the receiver, the above-recited language of the act is applicable to the instant situation. It should

be pointed out that the cases cited by exceptant do not relate to partnership dissolutions where only one of the partners has been adjudged bankrupt. Accordingly, this portion of the above-recited exception is dismissed and the credit allowed to Martha Sachs in the amount of $634.91. . . .